**BROWN JORDAN INTERNATIONAL, INC., a Florida corporation; and BJIP, Inc., a Delaware corporation, Plaintiffs,**

v.

**THE MIND'S EYE INTERIORS, INC., a Hawaii corporation; John Does 1–10; and XYZ Corporations 1–10, Defendants.**

No. Civ. 02–00725 HG BMK.

United States District Court, D. Hawai'i.

Nov. 22, 2002.

---

Steven J. Kim, Lynch Ichida Thompson Kim & Hirota, Honolulu, HI, Steven J. Wadyka, Jr., David A, Kessler, Greenberg Traurig, LLP, McLean, VA, for BJIP, Inc., and Brown Jordan Intern., Inc.

### ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

GILLMOR, District Judge.

On November 15, 2002, Plaintiffs BJIP, Inc. and Brown Jordan International, Inc. ("Plaintiffs" or "Brown Jordan") filed a First Amended Complaint naming as Defendants The Mind's Eye Interiors, Inc. ("Defendant" or "Mind's Eye") and unknown individual and corporate defendants.

Plaintiffs allege that Defendants violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), concerning trade dress infringement, design patent infringement under 35 U.S.C. § 271, and Hawaii's Uniform Deceptive Trade Practice Act (Haw. Rev.Stat. Chapter 481 A) by selling certain home furniture through a retail store on Maui.

### PROCEDURAL BACKGROUND

On November 13, 2002, Plaintiffs filed an Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction that was followed, on November 14, 2002, by an Application to Proceed Ex Parte. The Court held ex parte oral argument on November 18, 2002.

### LEGAL STANDARD

■ A temporary restraining order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction. See 11A Charles A. Wright et al., Federal Practice and Procedure: Civil 2d § 2951, at 253 (2d ed.1995). A temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974) (footnote omitted).

■ The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D.Cal.1995). The propriety of preliminary injunctive relief requires consideration of two factors; (1) the likelihood of the plaintiff's success on the merits; and (2) the relative balance of potential hardships to the plaintiff, defendant, and the public. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839–40 (9th Cir.2001). These two factors have been incorporated into a test under which

the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *American Tunaboat Assoc. v. Brown*, 67 F.3d 1404, 1411 (9th Cir.1995). These formulations are not different tests, but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. *Int'l Jensen Inc. v. Metrosound U.S.A. Inc.*, 4 F.3d 819, 822 (9th Cir.1993) (citations omitted).

## ANALYSIS

The Court holds that Plaintiffs have established both prerequisites for the issuance of a temporary restraining order: (1) a likelihood of success on the merits; and (2) a threat of irreparable injury if injunctive relief is not granted. *See American Tunaboat Assoc.*, 67 F.3d at 1411.

## I. *Likelihood of Success on the Merits*

The Court holds, for purposes of this order only, that Plaintiffs are likely to succeed on the merits of their claim that Defendant has violated § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), by selling chairs and other home furniture under the name "Savannah" that is substantially similar to Brown Jordan's "Havana" line of furniture. The Court further, and independently finds, for the purpose of this order only, that Brown Jordan possesses a valid U.S. design patent that appears to be infringed by the "Savannah" line of furniture being offered for sale by Mind's Eye.[1]

**A.** *Trade Dress*

■ To establish trade dress infringement for product design, as is alleged here, a plaintiff must show (1) that its product design is non-functional; (2) the design has acquired a secondary meaning; and (3) that there is a likelihood of confusion. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir.2001).

1. *Functionality*

■ Product features are considered to be functional and therefore cannot serve as a basis for a trade dress claim where the product feature is essential to the use or purpose of the article or if it affects the cost or quality of the article. *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 165, 115 S.Ct. 1300, 131 L.Ed.2d 248 (1995); *Clicks Billiards*, 251 F.3d at 1258.

From the Declaration of Michael Farrell, filed on November 15, 2002, this Court concludes that while some elements of the "Havana" line of furniture are functional (e.g., using a powder-coated aluminum frame), some visual elements are non-functional. (Farrell Declaration, ¶ 10).

2. *Secondary meaning*

■ The Court may consider a number of factors to determine if a product has acquired a secondary meaning including: (1) direct consumer testimony; (2) consumer surveys; (3) exclusivity, length, and manner of use; (4) amount and manner of advertising; (5) amount of sales and number of customers; (6) established place in the market; and (7) proof of intentional copying. *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 311–12 (6th Cir.2001).

---

**1.** Because Plaintiffs do not seek a temporary restraining order or preliminary injunction under the state law theories addressed in the First Amended Complaint, the Court does not address the application of the state law theories for the purpose of this Temporary Restraining Order.

To support secondary meaning Plaintiffs provide the Declaration of Paul D. Davis, the owner and manager of a furniture store in Maui that is authorized to sell the "Havana" line, who stated that customers entered his store expressing some confusion over whether the "Savannah" line of furniture offered at Mind's Eye was, in fact, the "Havana" line manufactured by Brown Jordan. (Davis Declaration, ¶ 6). Plaintiffs also attach advertising and articles lauding the "Havana" line and describing its success in the marketplace. (Affidavit of Edward J. Brookes, ¶¶ 12–17 & Exh. B–F). Consequently, the Court finds that the "Havana" line has acquired some secondary meaning in the marketplace.

### 3. Likelihood of confusion

"Likelihood of confusion exists when customers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." *Clicks Billiards*, 251 F.3d at 1265 (quoting *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 845 (9th Cir.1987)).

As mentioned earlier, the Declaration of Paul Davis describes an incident in which customers who entered his store believed that the "Savannah" line offered by Mind's Eye was related in some way to the "Havana" line marketed and manufactured by Brown Jordan. This evidence of actual consumer confusion, in addition to the similarity of the goods, adequately establishes a likelihood of confusion.

### B. Patent Infringement

Plaintiffs present evidence that BJIP, Inc. is the owner of a U.S. Design Patent No. D399,070 ("the '070 patent"). "Determining whether a design patent is infringed requires (1) construction of the patent claim, and (2) comparison of the construed claim to the accused product." *Contessa Food Products, Inc. v. Conagra,*

*Inc.*, 282 F.3d 1370, 1376 (Fed.Cir.2002). When construing a design patent claim, the scope of the claimed design encompasses its "visual appearance as a whole" and in particular "the visual impression it creates". *Id.*

The comparison of a patented design to a product accused of a patent infringement requires the Court to conduct two tests: the "ordinary observer" test and the "point of novelty" test. *Id.* at 1377. The "ordinary observer" test requires the Court to compare

> if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Gorham Mfg. Co. v. White*, 81 U.S. (14 Wall.) 511, 528, 20 L.Ed. 731 (1871). In contrast, the "point of novelty" test requires proof that the accused design appropriates the novelty which distinguishes the patented design from the prior art. *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1286–87 (Fed.Cir. 2002). Comparing the '070 patent to the prior art the immediate points of novelty include: (1) arms that are open on the sides; (2) the chair being largely covered; and the covering constituting a man-made woven material. Defendant's "Savannah" chair appears to appropriate these points of novelty.

At this early stage, application of the "ordinary observer test" and the "point of novelty test" lead the Court to believe that Plaintiffs have a reasonable probability of success on their claim that Defendant's "Savannah" furniture infringes the '070 patent.

## II. *Irreparable Harm*

█ Because Plaintiffs demonstrate a likelihood of success on the merits of their trade dress and patent claims, irreparable injury is presumed. *GoTo.com, Inc. v. Walt Disney Co.,* 202 F.3d 1199, 1209 (9th Cir.2000) (trade dress); *Polymer Technologies, Inc. v. Bridwell,* 103 F.3d 970, 975 (Fed.Cir.1996) (patents).

█ The Court finds the balance of hardships, at least at this stage, tilts slightly in favor of Plaintiffs. While the hardships of both parties are largely economic, Plaintiffs confront the additional risk of damage to their reputation if the goods sold by Mind's Eye are of lesser quality than the Brown Jordan goods. Finally, there exists a general presumption that the public interest supports the protection of patent rights. *Oakley, Inc. v. Sunglass Hut, Int'l,* 2001 WL 1683252, *12 (C.D.Cal. Dec.7, 2001).

### *CONCLUSION*

In accordance with the foregoing, it is HEREBY ORDERED that pursuant to Fed.R.Civ.P. 65(b), Plaintiffs' Application for Temporary Restraining Order is GRANTED.

IT IS FURTHER ORDERED that Defendant Mind's Eye Inc. and all persons acting in conjunction or concert with them are enjoined and restrained from:

Selling, displaying, marketing or advertising any furniture, under the name "Savannah" or any furniture substantially similar to the trade dress of the "Havana" line of furniture manufactured and distributed by Brown Jordan possessing the U.S. Design Patent No. D399,070.

Defendants are further ORDERED to retain possession of all "Savannah" furniture or any other furniture substantially similar to the trade dress of the "Havana" line of furniture manufactured and distributed by Brown Jordan possessing the U.S. Design Patent No. D399,070, and all records related to the purchase, manufacture, shipping and sale of such furniture.

IT IS FURTHER ORDERED that, as a condition of the entry of this Order, Plaintiffs are directed to post a cash bond in the amount of TWENTY–FIVE THOUSAND DOLLARS ($25,000.00) for payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined, such bond to be approved by the Clerk of the Court.

IT IS FURTHER ORDERED that Plaintiffs' Motion for a Preliminary Injunction and Status Conference on the Temporary Restraining Order shall be heard by this Court at 1:30 p.m. on November 27, 2002, or on such earlier date as the Court may order for good cause shown.

IT IS SO ORDERED.